UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:14-cr-22-DLB-1

UNITED STATES OF AMERICA,

                                                                          PLAINTIFF,

v.                     **MAGISTRATE JUDGE'S**
                      **REPORT AND RECOMMENDATION**

WILLIAM EARL LYND,                                                       DEFENDANT.

*** *** *** ***

This matter came before the Court for an initial hearing on February 18, 2016, as a result of a Supervised Release Violation Report dated February 4, 2015. [R. 4]. The report outlines three (3) alleged violations of the terms of Defendant's supervised release. At the hearing, Defendant was present and represented by appointed counsel, David Mussetter, and the United States was present by and through Assistant United States Attorney Kevin Dicken. Defendant stipulated to all three (3) violations contained in the report, and wished to immediately proceed with his final revocation hearing. Defendant also waived his right of allocution before a United States District Judge. The undersigned took the matter of sentencing under advisement and informed the Defendant he would recommend a sentence by written order. For the reasons that follow, the undersigned will recommend that Defendant be found guilty of all three (3) violations in the report—to wit, two violations of Supervised Release Conditions regarding a failed drug test and associated violation of federal law, as well as a violation of the Special Condition of Supervision regarding his failure to pay restitution. The Court recommends imposing a sentence of six (6) months of incarceration followed by no term of supervised release.

## **FINDINGS OF FACT**

At the hearing on February 18, 2016, Defendant admitted to failing a drug test due to his taking a non-prescribed pain pill or nerve pill, which was found to contain morphine. Defendant also admitted to failing to pay restitution as required. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following three conditions of his supervised release:

- Supervised Release Condition: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court;

- Supervised Release Condition: The defendant shall not commit another federal, state or local crime; and

- Special Condition: Payment of restitution is a special condition of supervised release.

## **RECOMMENDATION**

In making a recommendation regarding the imposition of a sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

(i)   <u>The nature and circumstances of the offense</u>.  In the instant matter, the Defendant stipulated to taking a non-prescribed pill containing morphine, which is a Grade C violation of the first supervised release condition.  In addition, this conduct constitutes a violation of the condition that he not commit a violation of law, as illegal use of a controlled substance is equal to possession under 21 U.S.C. § 844(a), a Class E felony. This violation is a Grade B violation. Finally, Defendant stipulated to failing to pay his restitution as required, which is $150 per month. Defendant stipulated to failing to make this payment since August 2014. This failure is a Grade C violation.

(ii)  <u>The history and characteristics of the defendant</u>.  The Defendant is forty (40) years old, has a high school education, and has had training at a vocational school for electrical house wiring. He reads and writes in English.  Defendant takes a prescription medication, Seroquel, for his back pain.

Specifically, on March 28, 2011, the Defendant was sentenced to five (5) years imprisonment to be followed by three (3) years of supervised release following his guilty plea to Conspiracy to Transport and Sell Stolen Goods in violation of 18 U.S.C § 371. [R. 2]. Defendant's supervision commenced on June 9, 2014. [Id.]. However, on November 19, 2014, it was reported to the presiding Judge that the Defendant provided a urine sample that tested positive for morphine, and was failing to make restitution payments.  However, at that time, Lynd was allowed to remain on supervision, but was subject to the additional condition that he attend substance abuse counseling and call the probation office frequently for regular drug testing.

The conduct resulting in the instant violations occurred on January 26, 2015, when Lynd again tested positive for morphine.

(iii)  <u>The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the defendant</u>.  The parties did not come to an agreement concerning a recommended sentence. Instead, at the end of the Defendant's supervised release hearing, the United States orally recommended a sentence at the lower end of the guideline range, which is six (6) to twelve (12) months, with a maximum term of incarceration of two (2) years followed by no more than three (3) years of supervised release.

3

The United States also stated that it was unsure whether a term of supervised release would be appropriate in this case, and added that Defendant's past failures in substance abuse treatment may demonstrate that the Court should avoid assigning Defendant a third entry to a treatment facility to conserve limited resources. Considering the Defendant's criminal history, the instant and past violations in this matter, and his personal history, the Court finds that a term of imprisonment of six (6) months followed by no supervised release is reasonable and sufficient to address the concerns embodied in 18 U.S.C. § 3553.

(iv) <u>The sentencing guideline recommendation for imprisonment and statutory limitations</u>. In the instant matter, the most serious violation committed by the Defendant is a Grade B violation, and the United States, as described above, recommended the minimum term of incarceration under the sentencing guidelines. The guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed three (3) violations outlined in the report of February 4, 2016, and;

(2) That the Defendant's supervised release be revoked and he be sentenced without delay to a period of six (6) months incarceration, with no term of supervised release to follow upon release from custody.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>,

236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 25, 2016.

Signed By:
<u>Edward B. Atkins</u>  *EBA*
United States Magistrate Judge